### McNeil v. McNeil.

---

In a suit for divorce *a vinculo matrimonii*, the court must have it clearly appear that the complainant was an actual inhabitant of the state as well at the time of filing the bill as at the period when the adultery was committed. A marriage here and residence for three months afterwards and the coming again casually and to file the bill is not sufficient.

---

*May* 11.
1842.

*Divorce.
Jurisdic-
tion.*

BILL for divorce *a vinculo matrimonii*, filed by husband against his wife.  It showed that the parties were married in New York on the twelfth day of January, one thousand eight hundred and thirty-five ; that the complainant was a mariner and left New York for Florida about the twenty-eighth of August following, to act as captain of a steamboat.  That he returned to New York in the month of January, one thousand eight hundred and thirty-nine and discovered that his wife had committed adultery with one James Murray, having left New

York to reside with him in Charleston, South Carolina, and was then living there in open adultery; that the complainant discovered this on his way from Florida to New York, in the month of September, one thousand eight hundred and forty-one.

By the testimony had before the master (after the bill was taken *pro confesso*) it appeared that the complainant and defendant had lived and cohabited together as man and wife in the city of New York for three months immediately after the marriage; and that the complainant then went to St. Marks, Florida. The witness giving the testimony also deposed that he did not see him, the husband, again in New York until about the month of January, one thousand eight hundred and forty; could not remember the month when he went away, but about a year after he had been gone, his wife, the defendant, as it was said, received a letter from him dated at Columbus in Georgia. Another witness proved that the complainant was now at Tampa Bay, Florida, captain of a merchant vessel; but he was last summer in the city for some time.

Mr. *Towner*, for the complainant.

THE VICE-CHANCELLOR :—The parties were married in the city of New York, but the offence was committed in Charleston, South Carolina, where the defendant went to cohabit with Murray. At the time of the commission of the offence, as well as at the time of exhibiting the bill, this complainant—the injured party—was not an actual inhabitant of the state of New York. He might have been here a short time, when he filed his bill, say in August or September, one thousand eight hundred and forty-one, but this did not make him an actual inhabitant within the meaning of the statute giving this court jurisdiction. Coming here to file a bill and then going away again immediately after it was filed did not bring his case within the statute. He must have been an actual inhabitant of this state both at the time of the commission of the offence, which was in eighteen hundred and thirty-nine or eighteen hundred and forty and at the time of exhibiting the bill or he can have no right to proceed with a suit like the present.

I have no authority to make a decree of divorce in this case.